United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-21256
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUSSEIN MOHAMAD KHALIL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-11
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Hussein Mohamad Khalil appeals his conviction for bank fraud, a violation of 18 U.S.C. § 1344. Khalil is serving a sentence of forty-one months' imprisonment and five years' supervised release.

Khalil contends that the evidence was not sufficient to establish that he had the specific intent to defraud Bank of America. He contends that any intent to defraud was directed toward Datek Securities ("Datek"). He asserts that Bank of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

America faced no risk of financial loss and that any risk exposure borne by Bank of America was caused by the cooperative operation of Bank of America, the FBI, and Datek.

This court views the evidence in the light most favorable to the Government and determines whether "'a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.'" United States v. McCauley, 253 F.3d 815, 818 (5th Cir. 2001). The Government had to prove that Khalil knowingly executed or attempted to execute a scheme or artifice to defraud a financial institution or to obtain property owned by, or under the custody or control of, a financial institution by means of false or fraudulent pretenses. McCauley, 253 F.3d at 819. The Government had to show that Khalil placed a financial institution that was insured by the Federal Deposit Insurance Corporation ("FDIC") at risk of civil liability. United States v. Odiodio, 244 F.3d 398, 401 (5th Cir. 2001).

The evidence established that Khalil acted knowingly and with specific intent to deceive Bank of America to obtain property under its control. The Government proved that Khalil attempted to deceive Bank of America by representing himself to be Lewis Sherwood Elliot and by opening a business account for the receipt of funds allegedly transferred from Sherwood's Datek account. The Government proved that Khalil placed Bank of America at a risk of financial loss and that Bank of America was

FDIC-insured. The evidence was sufficient. McCauley, 253 F.3d at 819; Odiodio, 244 F.3d at 401.

Khalil asserts that the district court abused its discretion by refusing to instruct the jury that a conviction required proof that Khalil acted with intent to victimize or injure Bank of America by exposing it to actual or potential loss. Khalil argues that if the jury had been so instructed and had found that he intended to harm Datek instead of Bank of America, the jury would have had to acquit.

This court reviews the refusal to provide a requested instruction for an abuse of discretion. United States v. Morrow, 177 F.3d 272, 292 (5th Cir. 1999). A reversal will be granted "only if the requested jury instruction '(1) was a substantially correct statement of the law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial, the omission of which seriously impaired the defendant's ability to present an effective defense.'" Id.

The charge included that the jury had to find that Khalil "acted with specific intent to defraud Bank of America" and "placed Bank of America at risk of civil liability or financial loss." The district court's instructions correctly stated the elements of bank fraud. See McCauley, 253 F.3d at 819; Odiodio, 244 F.3d at 401. The district court did not abuse its discretion. See Morrow, 177 F.3d at 292. The district court's judgment is AFFIRMED.